IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| PATRICE V., | * |
| | * |
| Plaintiff, | * |
| | *   Civil No. TMD 18-2221 |
| v. | * |
| | * |
| | * |
| ANDREW M. SAUL, | * |
| Commissioner of Social Security, | * |
| | * |
| Defendant.[1] | * |

************

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
<u>ALTERNATIVE MOTION FOR REMAND</u>**

Plaintiff Patrice V. seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 14) and Defendant's Motion for Summary Judgment (ECF No. 15).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 14) is **GRANTED**.

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

# I

## Background

On March 3, 2017, Administrative Law Judge ("ALJ") Susan Maley held a hearing in Washington, D.C., where Plaintiff and a vocational expert ("VE") testified. R. at 32-63. The ALJ thereafter found on July 5, 2017, that Plaintiff was not disabled from the amended alleged onset date of disability of July 13, 2014, through September 30, 2016, the date last insured. R. at 13-31. In so finding, the ALJ found that, through the date last insured, Plaintiff had moderate limitations in concentrating, persisting, or maintaining pace. R. at 20. The ALJ then found that, through the date last insured, Plaintiff had the residual functional capacity ("RFC")

> to perform a medium exertional range of work but with the following nonexertional limitations: carrying out simple to moderately complex tasks in two-hour segments with 10-minute breaks in-between; having occasional direct interaction with coworkers and supervisors, but no direct interaction with the general public; and adapting to simple changes in a routine work setting.

R. at 21.[3] The ALJ then determined that, although Plaintiff could not perform her past relevant work as a teacher's aide and reservationist, she was capable through the date last insured of performing other work, such as a hand packager, industrial cleaner, or floor waxer. R. at 26-27. Plaintiff thus was not disabled from July 13, 2014, through September 30, 2016, the date last insured. R. at 27.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on July 20, 2018, a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

---

[3] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).

# II

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III

## **Substantial Evidence Standard**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is

supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Plaintiff contends that the ALJ erroneously assessed her RFC contrary to Social Security Ruling[5] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). Pl.'s Mem. Supp. Mot. Summ. J. 3-9,

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

ECF No. 14-1. Plaintiff maintains that the ALJ failed to perform properly a function-by-function assessment of her ability to perform the physical and mental demands of work. *Id.* at 5. In particular, she contends that, although the ALJ found that she had moderate limitations in concentrating, persisting, or maintaining pace (R. at 20), the ALJ failed to include any limitation on concentration, persistence, or pace in the RFC assessment. *Id.* at 5-6, 7-8. Rather, according to Plaintiff, the ALJ limited her to carrying out simple to moderately complex tasks in two-hour increments with ten-minute breaks in between. *Id.* at 5-6 (citing R. at 21). Plaintiff also asserts that the ALJ failed to explain how, despite her moderate limitations in concentrating, persisting, or maintaining pace, she could be productive or remain on task for more than 85% of an eight-hour workday. *Id.* at 9. For the reasons discussed below, the Court remands this case for further proceedings.

SSR 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)

(per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

The Fourth Circuit further held in *Mascio* that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* The court in *Mascio* remanded the case for the ALJ to explain why the claimant's moderate limitation in concentration, persistence, or pace at step three did not translate into a limitation in the claimant's RFC. *Id.* In other words, under *Mascio*, "once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *McLaughlin v. Colvin*, 200 F. Supp. 3d 591, 600 (D. Md. 2016) (quoting *Talmo v. Comm'r, Soc. Sec.*, Civil

8

Case No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015), *report and recommendation adopted* (D. Md. June 5, 2015)).

Here, "the ALJ's analysis is simply insufficient to permit adequate review." *Jones v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-2638, 2016 WL 4687678, at *3 (D. Md. Sept. 7, 2016). "[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019). "The second component, the ALJ's logical explanation, is just as important as the other two" because "meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion." *Id.* (citing *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018)). The ALJ found that, through the date last insured, Plaintiff had moderate limitations in concentrating, persisting, or maintaining pace. R. at 20. The ALJ, however, then found the following:

> [Plaintiff] reported to the State agency that she cared for her infant grandson at times, could drive a car, shop in stores, pay bills, count change, and manage a bank account. She indicated she watched television and used a computer. She could not pay attention for very long, but was fine with written and spoken instructions. Psychological treatment records did not indicate significant difficulties in this area of functioning. [Plaintiff's] stream of thought was coherent, goal directed, logical and accelerated. She had average intelligence, intact recent and remote memory, and adequate judgment. At her psychological consultative exam for the State agency, she did not exhibit problems with concentrating, persisting, or maintaining pace. The examiner noted [Plaintiff] had goal directed [thought] processes, demonstrated average fund of knowledge and intelligence, could subtract serial 7's, she spelled WORLD backwards, and retrieve two of two terms after five minutes. She could follow a three-step command, her abstract thinking was intact, and she had good judgment and fair insight. Her mini mental status exam score was 29 out of 30. At the hearing, she testified she was unable to sustain an eight-hour workday. She felt her medication made her a bit "spacy." [Plaintiff] said she cared for her grandson every day, did not take public transportation, could drive but did not, did laundry, and cleaned up after herself. She read a lot to calm herself.

R. at 20 (citations omitted).

In weighing the opinion evidence, the ALJ gave little weight to the opinions of Plaintiff's treating psychiatrist who opined in January 2017 that she had moderate limitations in the ability, among other things, to maintain attention and concentration for extended periods (R. at 361-62) because "[t]hese opinions are not supported by the record, which indicated minimal and conservative treatment." R. at 25. The ALJ also noted that "the record does not contain contemporaneous treatment records from [the treating psychiatrist] to support his opinion" and that "the last treatment record was from June 2014." R. at 25. State agency consultants opined in December 2014 and February 2015 that Plaintiff had moderate difficulties in maintaining concentration, persistence, or pace (R. at 67, 79) and that she was moderately limited in her ability, among other things, to maintain attention and concentration for extended periods (R. at 69, 81). The ALJ gave these opinions "limited weight to the extent they applied the mental regulations applicable prior to January 17, 2017; otherwise, they are given significant weight because they are generally consistent with the record evidence showing nondebilitating mental limitations." R. at 24.

"Ultimately, what is missing from the ALJ's opinion is an explanation as to why the ALJ believed [Plaintiff] to have a 'moderate limitation' instead of 'mild' or 'no' limitation in the ability to concentrate and perform work at a sustained pace for a prolonged period." *Jones*, 2016 WL 4687678, at *3; *see Eichelberger v. Colvin*, No. 8:16-CV-03299-GLS, 2018 WL 2740018, at *2 (D. Md. Apr. 12, 2018) ("The ALJ notes that claimant has moderate difficulties in concentration, persistence or pace, explaining that claimant 'reported difficulty with memory and concentration' in her function reports; however, the ALJ also makes repeated mentions of claimant's good ability to complete daily tasks and her good concentration and memory. But the ALJ does not then explain why, given contradictory evidence, he came to the conclusion that

claimant can perform only one to four step routine, repetitive tasks. The Court is left, as it was in *Jones*, to wonder whether the ALJ truly believed claimant had moderate difficulties and how these difficulties then resulted in the one to four step limitation. Without further explanation the Court cannot adequately review the ALJ's determination. The ALJ's decision therefore must be remanded for further explanation on this point." (citations omitted)). Further, the ALJ did not explain what medical records supported her finding of a two-hour attention span. *See Warren v. Colvin*, No. 12 C 3298, 2013 WL 1196603, at *4 (N.D. Ill. Mar. 22, 2013) (citing *Barrett v. Barnhart*, 355 F.3d 1065, 1068 (7th Cir. 2004)). The ALJ gave "significant weight" to the opinions of the state agency consultants who opined, among other things, that Plaintiff was moderately limited in her "ability to maintain attention and concentration for extended periods" (R. at 24, 69, 81). The Commissioner points to no evidence in the record, however, that translated these opinions into an ability to sustain focus and attention in two-hour intervals. *See id.*; *see also Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) ("The ALJ's conclusion is not supported by any medical evidence in the record; it amounts to the ALJ improperly 'playing doctor.'" (quoting *Hill v. Colvin*, 807 F.3d 862, 868 (7th Cir. 2015))).

Moreover, according to the VE, an individual off task at least 15% would be precluded from working. R. at 62. The ALJ, however, failed to explain how, despite Plaintiff's moderate limitations in concentrating, persisting, or maintaining pace, she could be productive or remain on task for more than 85% of an eight-hour workday. *See Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017) (remanding because, *inter alia*, ALJ did not build accurate and logical bridge between claimant's moderate difficulties in various functional areas and ALJ's finding that claimant would not be off task more than 10% of workday); *McLaughlin*, 200 F. Supp. 3d at 602 (remanding because ALJ's decision failed to explain how, despite claimant's moderate

difficulties in maintaining concentration, persistence, or pace, she could remain productive for at least 85% of workday, in light of VE's testimony that individual "off task" more than 15% of workday because of need to take unscheduled breaks could not perform any work); *Ashcraft v. Colvin*, No. 3:13-cv-00417-RLV-DCK, 2015 WL 9304561, at *11 (W.D.N.C. Dec. 21, 2015) (remanding under fourth sentence of 42 U.S.C. § 405(g) because court was unable to review meaningfully ALJ's decision that failed to explain exclusion from RFC assessment an additional limitation of being 20% off task that VE testified would preclude employment).

As noted above, the ALJ "must *both* identify evidence that supports [her] conclusion *and* 'build an accurate and logical bridge from [that] evidence to [her] conclusion.'" *Woods*, 888 F.3d at 694 (second alteration in original) (quoting *Monroe*, 826 F.3d at 189). In particular, the ALJ "must build a logical bridge between the limitations [she] finds and the VE evidence relied upon to carry the Commissioner's burden at step five in finding that there are a significant number of jobs available to a claimant." *Brent v. Astrue*, 879 F. Supp. 2d 941, 953 (N.D. Ill. 2012). An ALJ's failure to do so constitutes reversible error. *See Lewis*, 858 F.3d at 868. Because the ALJ's "analysis is incomplete and precludes meaningful review," remand is appropriate. *Monroe*, 826 F.3d at 191.

In addition, courts have reached different conclusions about whether a limitation to performing simple tasks in two-hour increments adequately accounts for a moderate limitation in the ability to stay on task that satisfies *Mascio*. *Compare McNiff v. Saul*, No. 1:18-CV-1411, 2019 WL 3084235, at *1 (E.D. Va. July 15, 2019) (citing *Neyer v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-14-3343, 2015 WL 5773239, at *2 (D. Md. Sept. 29, 2015)) (determining that ALJ's RFC limitation of "simple to moderately complex tasks in 2-hour increments with 10- or 15-minute breaks in-between" sufficiently accounted for claimant's moderate impairments in

concentration, persistence, or pace), *and Cochran v. Berryhill*, Civil No. TMD 17-550, 2018 WL 3122438, at *6 (D. Md. June 26, 2018) (citing cases, including *Beckman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-16-2022, 2017 WL 1316920, at *3 (D. Md. Apr. 7, 2017)) (determining that RFC assessment limiting claimant to "simple tasks in two-hour increments with 10- to 15- minute breaks in-between" accounted for claimant's moderate difficulties in maintaining concentration, persistence, or pace), *with Jody R-S. v. Berryhill*, Civil No. TJS-18-1715, 2019 WL 1493364, at *3 (D. Md. Apr. 3, 2019) (determining that RFC assessment limiting claimant to work that involves only "simple tasks in 2-hour increments with 10- to 15- minute breaks in-between" did not account for claimant's moderate difficulties in concentration, persistence, and pace), *and Capps v. Berryhill*, Civil Action No. CBD-17-2438, 2018 WL 4616018, at *5 (D. Md. Sept. 26, 2018) (citing *Puryear v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-3386, 2016 WL 4444660, at *3 n.2 (D. Md. Aug. 23, 2016); *Steele v. Comm'r, Soc. Sec.*, Civil Case No. MJG-15-1725, 2016 WL 1427014, at *4 (D. Md. Apr. 11, 2016)) (determining that ALJ's RFC assessment limiting claimant to "simple tasks in two-hour increments" did not account for moderate difficulties in maintaining concentration, persistence and pace because "[w]hen a durational limitation is included, such limitations must consider that the normal 8-hour workday already includes breaks approximately every two (2) hours and provide further explanation as to how that restriction 'adequately accounts for a moderate limitation in the ability to stay on task' or else it does not meet the *Mascio* requirements"). Because the Court is remanding this case on other grounds, the ALJ should address this issue on remand as well. *See Warren*, 2013 WL 1196603, at *5.

In short, the inadequacy of the ALJ's analysis frustrates meaningful review. Remand under the fourth sentence of 42 U.S.C. § 405(g) thus is warranted. *See Monroe*, 826 F.3d at 189.

# V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 15) is **DENIED**.  Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**.  Plaintiff's alternative motion for remand (ECF No. 14) is **GRANTED**.  Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g).  This matter is **REMANDED** for further proceedings consistent with this opinion.  A separate order will issue.

Date: August 12, 2019

/s/
Thomas M. DiGirolamo
United States Magistrate Judge